### Ex parte NG DOO WONG.

(District Court, N. D. California, First Division. December 16, 1915.)

#### No. 15887.

ALIENS ⊜⇒23(1)—EXCLUSION OF IMMIGRANTS—FOREIGN-BORN "CITIZEN."

Under Rev. St. § 1993 (Comp. St. 1913, § 3947), providing that children born outside the United States, whose fathers were, at the time of their birth, citizens thereof, are declared to be citizens of the United States, but that the rights of citizenship shall not descend to children whose fathers never resided in the United States, a foreign-born son of a native-born citizen of Chinese descent cannot be excluded from the country merely because he did not apply for admission during his minority or shortly thereafter, and is entitled to admission, though he remained abroad until 27 years of age.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⊜⇒23(1).

For other definitions, see Words and Phrases, First and Second Series, Citizen.]

Petition by Ng Doo Wong for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.
John W. Preston, U. S. Atty., and Caspar A. Ornbaum, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DOOLING, District Judge. Petitioner applied to enter the United States as the son of a citizen. He was born in China and is now 27 years of age. The immigration inspectors examining him and his alleged father report favorably upon the testimony given by each and recommend his admission. The commissioner at San Francisco, however, denied admission, on the ground, as stated:

"The existence of the relationship claimed to his alleged father is not established to my satisfaction."

There are no discrepancies in the testimony offered by petitioner, but in the memorandum for the Acting Secretary, upon appeal, the fact is pointed out that according to the testimony petitioner's father married and became such father when he was only 15 years of age, with the statement that this is possible, but not probable, even in China. The real reason, however, for the excluding decision, in my opinion, is found in the next paragraph:

"Applicant is a man 27 years of age, and has a wife and three children in China. He is to all intents and purposes a Chinese citizen. There is hardly any doubt that the law under which he claims citizenship was never intended to confer this valuable privilege upon a person in his circumstances. The Department has so held in the case of Chin Do Fung (53817/51). Following the departmental decision above referred to, the Bureau recommends that the excluding decision of the San Francisco office be affirmed, and deportation directed."

If this means anything, it means that, no matter what the proof, a foreign-born son of a Chinese native will not be admitted to this country, notwithstanding his citizenship, unless he applies for admission during his minority or shortly thereafter. But the statute (section 1993, R. S. [Comp. St. 1913, § 3947]) is as follows:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

To this statute the Department is adding by construction this proviso:

"Provided such children shall come to the United States during their minority."

Doubtless Congress might have attached such a proviso, but I do not think the Department has such power. If petitioner is the son of a citizen of the United States, he himself is such citizen, though born abroad and remaining abroad until 27 years of age. Such citizenship is of little value to him, if he may be excluded from this country by the arbitrary rejection of the testimony offered by him solely because he did not, in the opinion of the Department, apply for entry in time. The findings of the Department are conclusive, when supported by evidence, but not when based upon an erroneous construction of the law.

The demurrer to the petition will therefore be overruled, and the writ will issue, returnable December 22d at 10 a. m.