Ex parte WONG FOO.

(District Court, N. D. California, First Division. January 10, 1916.)

No: 15929.

1. ALIENS ⊜⇒23(1)—CITIZENS ⊜⇒9—WHO ARE CITIZENS—CHILDREN OF CITIZENS.

The son of an American citizen, though of Chinese descent, is a citizen of the United States, and entitled to enter the country as such.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⊜⇒23(1); Citizens, Cent. Dig. §§ 8–12; Dec. Dig. ⊜⇒9.

For other definitions, see Words and Phrases, First and Second Series, Citizen.]

2. ALIENS ⊜⇒32(5)—EXCLUSION OF IMMIGRANTS—BURDEN OF PROOF.

A person of Chinese descent, seeking to enter the country as the son of a native-born citizen, had the burden of proving such relationship.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⊜⇒32(5).]

3. ALIENS ⊜⇒32(5)—EXCLUSION OF IMMIGRANTS—HEARING BEFORE IMMIGRATION AUTHORITIES.

Assuming that the immigration authorities, in passing upon the right of a person of Chinese descent to enter the country as a son of native-born citizen, may consider the applicant's father's sense of allegiance to this country as bearing upon the right of admission, such sense of allegiance must be proved as any other fact, and where it was assumed without any proof whatever that his sense of allegiance was the country of his ancestors, and not to this country, the hearing was unfair.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⊜⇒32(5).]

Petition by Wong Foo for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

George A. McGowan, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. In this case the applicant, who claims to be the son of a native-born Chinese citizen of this country, was denied admission for the reason that the relationship was not established to the satisfaction of the commissioner. Upon appeal the excluding decision was affirmed. In the decision affirming the excluding order the Assistant Secretary bases his action upon a doubt as to the relationship, because of the age of applicant's father at a certain time, as shown by the manifest of the ship upon which he arrived here in 1888. The language of the Assistant Secretary is as follows:

"The question, therefore, is whether proof of the relationship under the former practice is established. On that point it appears that, if the manifest of the arrival of the father in 1888 is correct, this applicant cannot be that person's son. While I do not regard the manifest as conclusive, in view of the other evidence, I do regard it as casting a doubt upon applicant's case; and that doubt I shall resolve by the test of allegiance. If the father's sense of allegiance were to this country, I should hesitate to exclude his son on the basis of a doubt raised by no stronger evidence, and in that case should be disposed (under the practice prior to rule 9f) to give applicant the benefit of the doubt. But inasmuch as the father's sense of allegiance is clearly to the country of his ancestors, and not to this country, which is true also of the applicant, who has lived all his life (28 years) in that country, the doubt should be resolved against naturalizing the applicant under the statute, by which alone he may claim admission into the United States. Appeal dismissed."

[1-3] If the applicant is in reality the son of an American citizen, even though it be a citizen of Chinese descent, he also is such citizen, and entitled to enter this country as such. The inquiry of the immigration department should be directed, of course, in good faith to the ascertainment of that fact. The burden of proving such relationship is undoubtedly upon the applicant. But that burden should not be increased by throwing extraneous matters into the scales against him. If, indeed, the proof offered by him is to be weighed in the light of his "father's sense of allegiance to this country," then certainly that sense of allegiance must be determined in the same manner as any other material fact; that is to say, from the record. I should be loth to hold that the rights of a citizen of this country, even though such citizen were born in China, may be dependent upon the notion of some officer that the father of such citizen had not manifested a proper sense of allegiance; but in this case it is not necessary to pass upon that question, for the reason that it does not appear from the record here that the father's sense of allegiance was ever inquired into at all. It is just assumed, without any proof whatever, that "the father's sense of allegiance is clearly to the country of his ancestors and not to this country." If the father's sense of allegiance is a proper matter to be weighed against the applicant, which is questioned here, but not decided, such sense of allegiance must be proved as any other fact. It was evidently the controlling factor in the adverse decision of the Assistant Secretary, and the hearing accorded to the applicant was to that extent unfair.

The demurrer to the petition will therefore be overruled, and the writ prayed for will issue, returnable January 15, 1916, at 10 o'clock a. m.