## Ex parte LEE DUNG MOO.

(District Court, N. D. California, First Division. February 14, 1916.)

### No. 15947.

ALIENS ☞32(9)—EXCLUSION OF IMMIGRANTS—UNFAIR HEARING.

Under Rev. St. § 1993 (Comp. St. 1913, § 3947), providing that children born out of the United States, whose fathers are citizens, are thereby declared to be citizens, where a native of China seeks admission to the country as the son of a native-born citizen, the question of relationship should be fairly investigated, with a view to ascertaining the truth, and with a perfect willingness to admit him as a citizen, and where his right to admission is examined in a spirit hostile to the law he is denied . a fair hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ☞32(9).]

Petition by Lee Dung Moo for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

George A. McGowan, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Applicant, a native of China, seeks admission to this country as the son of a native-born citizen and resident thereof. Although it is apparent from the record that his proofs would be regarded as sufficient in an ordinary case his application to enter was denied, and such denial was affirmed on appeal. The Acting Commissioner General in passing upon his appeal uses the following language:

"After careful consideration the Bureau is clearly of the opinion that this applicant has not shown his right to admission on the status claimed in the positive and satisfactory manner required by the Department in cases of this kind, where, as it was decided in the case of Leong Mow, the applicant's right to admission is at best only technical. He is, as above pointed out, a Chinese in every respect save his claim to American citizenship by virtue of the alleged birth in this country of his alleged father, who, as pointed out in the first paragraph hereof, has not become Americanized to any apparent degree. It is accordingly recommended that the excluding decision be affirmed and deportation ordered."

And the Assistant Secretary of Labor, in his opinion dismissing the appeal, says:

"To admit this applicant is to recognize naturalization of a man of 25, with a family of his own, who has never lived in the United States, who does not speak English, nor understand it, and who has in no way indicated any sense of American allegiance, but whose sense of allegiance has been and is

distinctly alien. It cannot be that Congress intended to confer citizenship under these circumstances, especially of races whom they have excluded from naturalization by careful judicial process and after renunciation of foreign allegiance." ¹

The right which is called "at best only technical" in the decision of the Acting Commissioner General, and the "naturalization" and "conferring of citizenship" spoken of by the Assistant Secretary, are those founded upon the following provision of section 1993 of the Revised Statutes (Comp. St. 1913, § 3947):

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States."

It is manifest from the foregoing quotations, and indeed has also appeared from records submitted here in other cases, that the Immigration Bureau looks upon this statute, in so far as it may be applicable to persons of the Chinese race, with an unfriendly eye. The absolute citizenship therein provided for, and the rights pertaining to such citizenship, are regarded as "at best only technical," while to the plain language of the statute is added by construction the provision that it does not apply, unless the foreign-born child of the American citizen shall learn the English language and come to the United States before he is 25 years of age. I conceive it to be the duty of executive as well as of judicial officers fairly and freely to administer the laws of Congress as they find them, whether they agree with the policy or purpose of such laws or not. In the instant case the very law which would entitle the applicant to admission into this country is regarded with such hostility as to be cast into the balance against him. If applicant is the son of a resident American citizen, he, too, is a citizen, and entitled to every right as such. The question of relationship should therefore be fairly investigated, with a view to ascertain the truth, and with a perfect willingness to admit him as a citizen under this law, instead of being investigated in a spirit hostile to the law, which, lacking the power to repeal, accomplishes the same result by denying to it effect. When one's right as a citizen is examined in that spirit, the hearing given him appears to me to be anything but fair.

The demurrer will therefore be overruled, and the writ prayed for will issue, returnable February 19, 1916, at 10 o'clock a. m.