Ex parte LEONG WAH JAM.

(District Court, N. D. California, First Division. February 15, 1916.)

No. 15937.

ALIENS ☞32(5)—EXCLUSION OF IMMIGRANTS—GROUNDS FOR EXCLUSION.

　　Where immigration authorities excluded a person of the Chinese race seeking admission into the country as the son of a native-born American citizen because of the lack of evidence of a spirit of American allegiance on his part or the part of his father, and because neither he nor his father indicated any tendency towards Americanism, without any investigation as to whether or not the father had indicated any such tendency, the hearing was unfair, as this consideration, if properly used against the applicant, should be based upon proof, like any other fact.

　　[Ed. Note.—For other cases, see Aliens, Dec. Dig. ☞32(5).]

Petition by Leong Wah Jam for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

George A. McGowan, of San Francisco, Cal., for petitioner.
John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. On January 11, 1916, an order was entered sustaining the demurrer to the petition for a writ of habeas corpus herein, and denying such petition. This order was entered under a misapprehension of what the record disclosed. The record of the local immigration office relating to petitioner's application for admission was made by stipulation a part of the petition for the writ. It was the understanding of the court that the local immigration record contained all documents pertaining to the case. This, however, as is conceded by the government, is not the fact. It results from this that the petition presents questions not considered or passed upon by the court in sustaining the demurrer. The order sustaining the demurrer and denying the petition is therefore vacated and set aside, and the court now proceeds to consider said petition and demurrer anew.

Applicant, a person of the Chinese race, born in China, sought admission into this country as the son of a native-born American citizen. His application was denied, and such denial was affirmed upon appeal. The citizenship of the father is not questioned, and in denying the appeal the Assistant Secretary of Labor gives his reasons as follows:

　　"The father is a citizen by birth. Under the new rules (rule 9f) applicant is not entitled to admission, even though the relationship of father and son be proved. But as he left China before the promulgation of this rule his case will be determined under the previous practice. It is believed by the inspector that the relationship exists. No reason for doubting this conclusion appears, except the surmises of possible coaching, but without evidence to sustain them, and the fact that a witness who testifies to delivering money to applicant's family in 1912–13 in China stated upon his return that he had taken money to nobody. If there were any evidence of a spirit of American allegiance in the case, I should resolve the slight doubt which this discrep-

ancy caused in favor of applicant; but the evidence of Chinese allegiance is so pronounced, applicant being 24 years old and having a family of his own in China, and neither he nor his father indicating any tendency to Americanism, that I am indisposed, by resolving the doubt in applicant's favor, to give him the benefit of this short-cut route to naturalization. Appeal denied."

This court has recently decided in several cases that when the question of relationship between a citizen of the United States and his alleged son, born in China, is determined adversely, for reasons similar to those above set forth, the hearing resulting in such determination is not fair. Here a favorable determination on the part of the examining inspector is set aside by the Commissioner and the Assistant Secretary because of the lack of evidence of a "spirit of American allegiance," not only on the part of petitioner, but also on the part of "his father." The record does not show any investigation as to whether the father has "indicated any tendency to Americanism," and if this consideration could properly be used against petitioner in the investigation of the relationship claimed to exist it should be based upon proof as of any other fact.

The demurrer will be overruled, and the writ will issue, returnable on February 19, 1916, at 10 o'clock a. m.