Ex parte TOM TOY TIN.

(District Court, N. D. California, First Division. February 15, 1916.)

No. 15942.

1. ALIENS ⬤➞32(9)—EXCLUSION OF IMMIGRANTS—UNFAIR HEARING.

While immigration officers, in passing upon an immigrant's right of admission to the country, have the sole power to pass upon the facts after a fair hearing, the hearing is not fair, where the examination is had and the evidence weighed in a spirit hostile to the statute providing that children born out of the United States, whose fathers at the time of their

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

birth are citizens thereof, are declared to be citizens of the United States.

.[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig.
☜32(9).]

2. ALIENS ☜32(9)—EXCLUSION OF IMMIGRANTS—UNFAIR HEARING.
  If the right of a person of Chinese descent to enter the country as the son of a native-born citizen can be made dependent on the father's failure to take more advantage of his right as an American citizen than to live in the country, his delinquency in this respect must be shown, and it was manifestly unfair to exclude such person on the ground that his father had not taken advantage of his rights as an American citizen until after a residence in the United States of approximately 27 years, without any evidence that he had not exercised every right of an American citizen.

  [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig.
☜32(9).]

Petition by Tom Toy Tin for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

Catlin, Catlin & Friedman, of San Francisco, Cal., for petitioner.
John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Applicant, a native of China, seeks admission to this country as the son of a native-born citizen and resident thereof. His application to enter was denied, and such denial was affirmed on appeal. In the memorandum for the Commissioner, pre-· pared by the inspector in charge of the law section, is found the following statements:

:  "The conditions in this case are comprehensively set forth by the examining. inspector in his supplemental report of September 29, 1915. I shall only add that the alleged father has never taken advantage of his rights as an American citizen, until now, after a residence in the United States of approximately 27 years, when he exerts them for the purpose of having an alleged son admitted, whom he has never seen, and evidently taken but little interest in, if any, since he has never seen fit to visit his alleged family during the period of 27 years. He has permitted his alleged son to remain in China until he is many years past his majority, and has a family of his own, consisting of three boys and one daughter; this despite the fact that applicant has evidently been unable to support himself and family, his alleged father having testified that he was sending about $200 yearly to his family, and when it would have been greatly to his (applicant's) advantage to have availed himself of the rights he now lays claim to at a much earlier date."

Among the "conditions comprehensively set forth by the examining inspector," as stated above, is the following:

"Aside from the evidence mentioned as to familiarity with the locality in question, the only favorable feature in the case is the decidedly strong resemblance between the applicant and the alleged father. Considering the proximity in age, however, this might easily be due to the fact that the two persons are brothers, instead of father and son. While I am somewhat in doubt as to the merits of the case, I am of the opinion that in a case of this sort, where the applicant has resided for so many years in China before making any claim to admission to this country, and where the circumstances as outlined are such as to restrict the scope of the examination, there is not sufficient affirmative evidence to warrant the conclusion that the applicant is

entitled to take advantage of the technical wording of the law entitling foreign-born children of American parents to admission to this country."

[1] The view that the citizenship of a person of the Chinese race, who, though born in China, is the son of a native-born American citizen, is a "technical" instead of a real one, seems to have originated in the Bureau at Washington, and to have drifted downwards through the service until it has inoculated the examining inspectors, so that the apparent purpose of their examinations is, not to ascertain the truth, but to exclude all Chinese who, claiming to be citizens by virtue of the citizenship of their fathers, have failed to come to this country during their minority. That the immigration officers have the sole power to pass upon the facts after a fair hearing is not disputed, and has never been disputed, by this court. But the court has several times held in recent cases that a fair hearing is not accorded when the examination, as to relationship, is had in a spirit hostile to that law which provides that:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers may be at the time of their birth citizens thereof, are declared to be citizens of the United States."

And where the record itself discloses the fact that the evidence is weighed in that spirit of hostility to the plain provisions of the statute the court is driven to the conclusion that the hearing was unfair. In a case just decided this court (In re Lee Dung Moo, 230 Fed. 746) stated its views as follows:

"I conceive it to be the duty of executive as well as of judicial officers fairly and freely to administer the laws of Congress as they find them, whether they agree with the policy or purpose of such laws or not. In the instant case the very law which would entitle the applicant to admission into this country is regarded with such hostility as to be cast into the balance against him. If applicant is the son of a resident American citizen, he, too, is a citizen, and entitled to every right as such. The question of relationship should therefore be fairly investigated, with a view to ascertain the truth, and with a perfect willingness to admit him as a citizen under this law, instead of being investigated in a spirit hostile to the law, which, lacking the power to repeal, accomplishes the same result by denying to it effect. When one's right as a citizen is examined in that spirit, the hearing given him appears to me to be anything but fair."

[2] Here it is urged that the alleged father, whose citizenship is not questioned, "has never taken advantage of his rights as an American citizen." It is in the record that he has so far taken advantage of his rights as to live in this country all his life, save for one trip to China, at which time he claims to have been married and to have begotten the applicant. What other rights he should have exercised is not stated, but there is absolutely no evidence to show that he has not exercised every right of an American citizen. If the right of applicant to land is to be made dependent upon the opinion of some officer that the father should have taken more advantage of his rights as an American citizen than to live in this country, then the record should clearly show wherein the father was delinquent in this regard. This record does not so show, and the statements quoted are manifestly unfair reasons employed in weighing the evidence to applicant's detriment. Upon the

whole record the court is of the opinion that applicant's right to enter was not inquired into in that spirit described by Judge Morton in the following terms:

"The essential thing is that there shall have been an honest effort to arrive at the truth by methods sufficiently fair and reasonable to amount to due process of law." Chin Loy You (D. C.) 223 Fed. 833.

The demurrer will therefore be overruled, and the writ will issue as prayed for, returnable on February 19, 1916, at 10 o'clock a. m.