LOUIE SHARE GAN v. WHITE, Commissioner of Immigration. *

(Circuit Court of Appeals, Ninth Circuit. May 12, 1919.)

No. 3171.

1. ALIENS ⬦�longrightarrow32(13)—CHINESE EXCLUSION—REVIEW BY COURT.
  Where a Chinaman was excluded after a fair hearing before the Commissioner of Immigration, and officers of that department did not abuse their discretion, the courts have no jurisdiction to review the proceedings.

2. ALIENS ⬦�longrightarrow32(13)—CHINESE EXCLUSION—ABUSE OF DISCRETION.
  An order by Commissioner of Immigration, excluding a Chinaman on ground that his relationship to certain Chinamen in United States had not been established, is not subject to court review because partly based on difference in height between applicant and his alleged twin brother, where other discrepancies also indicated that evidence of relationship was unsatisfactory.

3. APPEAL AND ERROR ⬦�longrightarrow181, 719(1)—RESERVING GROUNDS FOR REVIEW—NECESSITY.
  An objection not raised below, nor assigned as error on appeal, will not be considered.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Habeas corpus proceeding by Louie Share Gan against Edward White, as Commissioner of Immigration at the Port of San Francisco. From an order denying a writ, the petitioner appeals. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and Ben F. Geis, Asst. U. S. Atty., of Willow, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. The appellant, Louie Share Gan, represents himself as a native son of Louie Share Jung, a citizen of the United States; that he arrived in the United States at San Francisco, Cal., from China, during the month of May, 1917, and made application to the Commissioner of Immigration at the port of San Francisco for admission to the United States as a citizen thereof and a son of Louie Share Jung; that his application for admission was denied by the Commissioner of Immigration; that thereupon an appeal was taken to the Secretary of Labor, and the decision of the Commissioner of Immigration was sustained. Thereupon Louie Share Jung applied to the District Court for a writ of habeas corpus on behalf of Louie Share Gan, on the ground that the decision of the Commissioner of Immigration was unfair, and the Secretary of Labor and the officials acting under him were guilty of an abuse of discretion in

---

considering certain alleged discrepancies in the testimony of the applicant and an alleged twin brother, who was admitted to the United States in December, 1916, as the son of the petitioner and a citizen of the United States. A demurrer to the petition was interposed, which was overruled. Thereupon an amended petition was filed. A return was filed by the Commissioner of Immigration. To this return the appellant filed a traverse. After hearing by the court, the writ of habeas corpus was denied.

It is contended on behalf of the appellant that the hearing before the Commissioner of Immigration was manifestly unfair and unjust to the applicant, in that his relationship to his father and alleged twin brother was made to depend specially upon his lack of resemblance to his father and his twin brother, and because of a slight difference in height from his twin brother, standing both without shoes on the same level, indicating a difference in height.

[1] If the applicant had a fair hearing before the Commissioner of Immigration, and there was no abuse of discretion on the part of the officers of that department in the proceedings, the court had no jurisdiction to review the proceedings. Low Wah Suey v. Backus, 225 U. S. 460–468, 32 Sup. Ct. 734, 56 L. Ed. 1165. Yee Won v. White, 258 Fed. 792, —— C. C. A. ——, just decided.

[2] The appellant contends that a judgment based on the difference in the height between the applicant and his alleged twin brother was—

"a gross abuse of discretion, and was unjust and unfair, and too notional, too fanciful, too irrational, and too uncertain to constitute any basis whatever for a ruling denying admission to the United States."

If this objection had merit, it would not avail the applicant in this case, since this is not the only ground the Commissioner of Immigration had for holding that the evidence as to the relationship between the applicant and Louie Share Jung was unsatisfactory. There are a number of discrepancies in the testimony sufficient to justify the Commissioner in declaring that the evidence was unsatisfactory.

[3] There is an addendum to appellant's brief in this court, claiming that the opinion of this court in the Case of Quan Hing Sun,[1] decided October 11, 1918, is controlling in this case. The objection to the proceedings in that case was not raised in this case in the court below and was not assigned as error in the appeal to this court. It was not mentioned until after the case had been submitted in this court. In the absence of a record presenting such an objection, it cannot be considered on appeal. Jeung Bock Hong and Jeung Bock Ning v. White, 258 Fed. 23, —— C. C. A. ——, just decided.

The decision of the District Court is affirmed.

[1] 254 Fed. 402, 165 C. C. A. 622.