### JEONG QUEY HOW v. WHITE, Immigration Com'r.*

#### (Circuit Court of Appeals, Ninth Circuit. July 7, 1919.)

#### No. 3231.

HABEAS CORPUS ⊜⟹25(1)—EXCLUSION OF ALIENS.

Where claim of right under Rev. St. § 1993 (Comp. St. § 3947), to enter the United States, made by appellant, a Chinese person alleging himself to be a citizen, was not first determined by a special board appointed under Act Feb. 20, 1907, appellant is entitled to a writ of habeas corpus, unless within a reasonable time proceedings are instituted against him in accordance with law.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Petition by Jeong Quey How for a writ of habeas corpus against Edward White, as Commissioner of Immigration, Port of San Francisco. Writ denied, and petitioner appeals. Reversed and remanded, with instructions.

George A. McGowan, of San Francisco, Cal., for appellant.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., Ben F. Geis, Asst. U. S. Atty., of Willows, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. Appeal is taken from the order of the court below denying the appellant's petition for a writ of habeas corpus. The appellant made application to enter the United States as a citizen thereof, claiming to be the foreign-born son of Jeong Sun, a native-born citizen of the United States, and thus entitled to enter the United States under section 1993 of the Revised Statutes (Comp. St. § 3947). The appellant was first caused to be examined under the general immigration law, and was found admissible. He was then caused to be examined under the Chinese Exclusion Act, whereupon his application to enter the United States was denied, for want of sufficient proof that he was the son of Jeong Sun, his alleged father.

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 14, 1919.

The examination under the Chinese Exclusion Act was had before the immigration inspector. In Quan Hing Sun v. White, 254 Fed. 402, —— C. C. A. ——, this court held that the claim of right to enter the United States, made by a Chinese person alleging himself to be a citizen of the United States, must first be determined by a special board of inquiry appointed by the Commission of Immigration, consisting of three members selected from the immigration officials under Act Feb. 20, 1907, c. 1134, 34 Stat. 898. This right was denied the appellant, and on the authority of that decision it follows that the judgment of the court below must be reversed, and the cause remanded for further proceedings.

The judgment is accordingly reversed, and the cause is remanded, with instructions to entertain the petition and grant the writ, unless within such time as the judge of the court below shall deem reasonable proceedings be instituted against the appellant under the provisions of the law as we have construed them.