LIM CHAN v. WHITE, Commissioner of Immigration.*

(Circuit Court of Appeals, Ninth Circuit.    February 2, 1920.)

No. 3377.

1. HABEAS CORPUS ⬡⟼113(5½)—WAIVER BY IMMIGRANT OF RIGHT TO BOARD OF SPECIAL INQUIRY BY FAILURE TO CLAIM IT.

An alien denied admission by the United States cannot raise the question of his right to a board of special inquiry on appeal from a judgment in habeas corpus proceedings, where the right was not claimed before the immigration officers nor in the court below.

2. HABEAS CORPUS ⬡⟼92(1)—COURT NEED NOT WEIGH EVIDENCE BEFORE IMMIGRATION OFFICIALS.

In habeas corpus proceedings by an excluded alien, the court is not required to weigh the evidence before the immigration officials, further than to determine whether there was substantial evidence to sustain their decision.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Lim Chan against Edward White, Commissioner of Immigration for the port of San Francisco. From a judgment denying the writ, petitioner appeals. Affirmed.

Geo. A. McGowan and Heim Goldman, both of San Francisco, Cal., for appellant.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellant made application to enter the United States as the minor son of a resident Chinese merchant lawfully domiciled therein. He was denied the right to enter for failure of proof of the alleged relationship. On appeal the Secretary of Labor affirmed the decision. The appellant petitioned the court below for habeas corpus, alleging that the hearing before the immigration officials was unfair. The writ was denied.

[1] On appeal to this court the appellant presents two points: First, that he was entitled of right to have the question of his admissibility determined by a board of special inquiry; and, second, that the evidence of his right to land was of such a positive and conclusive character that to disregard it was abuse of discretion on the part of the officials. To sustain the first point we are referred to the decisions of this court in Quan Hing Sun v. White, 254 Fed. 402, 165 C. C. A. 622, and Jeong Quey How v. White, 258 Fed. 618, —— C. C. A. ——, holding that Chinese persons claiming to be citizens of the United States are entitled to have the question of their right to enter determined by a board of special inquiry. In the present case there is no contention that the appellant is a citizen of the United States. No claim for a hearing before a board of special inquiry was made at any time in the proceedings before the immigration officials, nor was the right to it asserted in the petition for the writ, nor is its denial presented in the assignments of error. It is presented for the first time in a brief filed in this court. It cannot avail the appellant here. Passing by the question whether an alien may demand a board of special inquiry, the objection that the appellant was denied it is made too late. Jeung Bock Hong v. White, 258 Fed. 23, —— C. C. A. ——.

[2] Nor do we find that the testimony concerning the right of the appellant to enter the United States was of such a character as to establish conclusively that right or to indicate that there was such abuse of discretion in ordering the exclusion of the appellant as to justify review of the decision by habeas corpus. We discover many discrepancies between the testimony of the appellant and that of Lim Kee, who was alleged to be his father, discrepancies which may reasonably have caused the immigration officials to reject the claim that the asserted relationship existed. On petition for habeas corpus on the ground that the hearing was unfair, the court below was not required to weigh the testimony, or to go further into its investigation than to ascertain whether there was substantial evidence to support the decision. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup.

Ct. 734, 56 L. Ed. 1165; Whitfield v. Hanges, 222 Fed. 745, 138 C. C. A. 199; Katz v. Commissioner of Immigration, 245 Fed. 316, 157 C. C. A. 508.

The judgment is affirmed.