**LEE WING WAH et al. v. WHITE, Immigration Com'r.**

(Circuit Court of Appeals, Ninth Circuit.   May 3, 1920.)

No. 3407.

Habeas corpus ⊜⟼25(1)—Aliens-cannot complain of want of hearing before board, where they refused to dismiss to permit such hearing.

On habeas corpus by persons denied admission to the United States as foreign-born sons of a native-born citizen, they could not complain that they were not granted a hearing before a board of special inquiry, where, after, the right to such hearing was upheld in another case, defendants' attorneys were requested, and refused, to consent to a dismissal of the court proceeding, in order that the case might be reheard before such board.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Lee Wing Wah and another against Edward White, Commissioner of Immigration for the Port of San Francisco. From a judgment sustaining a demurrer to the petition, the petitioners appeal. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellants.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. On March 24, 1917, the appellants made application to enter the United States claiming to be foreign-born sons of Lee Gim, a native-born citizen of the United States. On April 19, 1917, upon the testimony taken, the Acting Commissioner of Immigration denied their right to enter the United States on the ground that they had not satisfactorily shown their relationship to their alleged father. On appeal to the Secretary of Labor, upon a review of all the evidence, the decision was affirmed. On June 4, 1917, the appellants filed in the court below their petition for a writ of habeas corpus, to which a demurrer was sustained.

On the appeal to this court but two points require consideration. It is contended that the immigration officials were without jurisdiction to hear the application, and that the same should have been first determined by a special board of inquiry appointed by the Commissioner of Immigration from the immigration officials, under the Act of February 20, 1907, 34 Stat. 898, and citation is made of decisions of this court in Quan Hing Sun v. White, 254 Fed. 402, 165 C. C. A. 622, and Jeong Quey How v. White, 258 Fed. 618, 170 C. C. A. 72. The first of those cases was decided on October 11, 1918, long after the conclusion of the hearing in the present case. It appears that after that decision the immigration officials at Washington issued instructions to local officers that all cases then pending at the several ports

of entry, regardless of the stage reached in the examination, be re-examined before a board of special inquiry. It is not denied that the attorneys for the appellants herein were requested to consent to a dismissal of the court proceeding then pending, in order that the case might be reheard before a board of special inquiry, and that the request was denied. Such being the case, the appellants have no standing now to complain that they were denied a hearing before a board of special inquiry.

We find no merit in the contention that the appellants were denied a fair hearing, or that in view of the evidence it was an abuse of discretion to deny their right to enter the United States. The testimony of the appellants and that of their alleged father and alleged brother, who were in the United States, differed in a marked degree, and it was on such discrepancies that the conclusion of the immigration officials was based.

We find no error. The judgment is affirmed.