**JUNG SIR KWAI v. NAGLE, Commissioner of Immigration at the Port of San Francisco.**

(Circuit Court of Appeals, Ninth Circuit. April 9, 1925.)

No. 4346.

Aliens ⬤═32(1) — Chinese immigrant, not claiming citizenship, not entitled to hearing before board of special inquiry.

A Chinese applicant for admission to the United States, who does not claim American citizenship, is not entitled, as matter of right, to have his case heard by a board of special inquiry.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Petition of Jung Sir Kwai against John D. Nagle, Commissioner of Immigration at the Port of San Francisco, for writ of habeas corpus. Petition denied, and petitioner appeals. Affirmed.

Stephen M. White, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and MORROW, Circuit Judges.

RUDKIN, Circuit Judge. The application of Jung Sir Kwai to enter the United States as the minor son of Jung Young, a resident Chinese merchant, was denied by the immigration authorities and by the Secretary of Labor. An application for a writ of habeas corpus in his behalf was likewise denied. The application for admission was heard by a single immigrant inspector, and the principal assignment of error is based upon the claim that the appellant was entitled to have his case heard before a board of special inquiry, as a matter of right. Section 16 of the Immigration Act of February 5, 1917 (39 Stat. 886 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i]), provides as follows:

"Every alien who may not appear to the examining immigrant inspector at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for examination in relation thereto by a board of special inquiry."

It was held by this court in Quan Hing Sun v. White, 254 F. 402, 165 C. C. A. 622, and Jeong Quey How v. White, 258 F. 618, 170 C. C. A. 72, that a Chinese person, claiming to be a citizen of the United States, had a right to have his application for admission heard by the board of special inquiry provided for by section 25 of the Immigration Act of February 20, 1907 (34 Stat. 906). The provision of that section is in all respects similar to the provision of section 16 of the Immigration Act of 1917, supra. In Lim Chan v. White, 262 F. 762, a doubt was suggested whether that rule was applicable where the Chinese person did not claim to be a citizen of the United States. March 6, 1919, after the decision in Quan Hing Sun v. White, supra, the Secretary of Labor directed that the status of all arriving aliens be determined by a board of special inquiry. About two years later, because of the congestion of business at Angel Island, the Secretary made a further order that Chinese applicants for admission, excepting those claiming citizenship, should be disposed of under the rule in force prior to the order of March 6, 1919, and that practice has been followed ever since. The question is directly presented, therefore, whether a Chinese applicant for admission to the United States, who does not claim a right to enter by reason of his citizenship, is entitled to have his case heard by a board of special inquiry. The repealing clause found in section 38 of

the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u) contains this proviso:

"Provided, That this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent, except as provided in section nineteen hereof. * * * "

Section 19 (section 4289¼jj), therein referred to, provides only for the deportation of aliens found unlawfully in the United States. It would seem, therefore, that the provisions of the Immigration Act relating to a board of special inquiry have no application to Chinese persons seeking to enter the United States, unless their applications are based on a claim of citizenship. It is further contended that there is no competent testimony to support the findings of the department. The appellee was denied admission because of discrepancies between his testimony and the testimony of his alleged father and brother, and more especially because of a lack of any knowledge on his part as to persons and places in the vicinity in which he claims to have spent eighteen years of his life. A review of the testimony satisfies us that the conclusions of the department are not so lacking in support in the testimony as to justify judicial interference.

The judgment is therefore affirmed.