JEUNG BOCK HONG et al. v. WHITE, Commissioner of Immigration. *

(Circuit Court of Appeals, Ninth Circuit. May 12, 1919.)

No. 3145.

1. ALIENS ⊜⟿32(13)—ADMISSION OF CHINESE—REVERSAL OF CONCLUSION OF IMMIGRATION BUREAU.

If, taking together discrepancies in the testimony of two Chinese applying for admission to the United States as sons of a native-born citizen, the executive officers of the Immigration Bureau and the Department of Labor found the evidence in support of the right to land and enter the United States was so impaired as to render it unsatisfactory, the court, on application of the Chinese for habeas corpus, is not authorized to reverse the conclusion.

2. ALIENS ⊜⟿32(13)—EXCLUSION OF CHINESE—FINALITY OF ORDER OF EXECUTIVE OFFICERS.

Where the court cannot say that proceedings relative to the exclusion from the United States of two Chinese, claiming to be sons of a native-born citizen, were manifestly unfair, or that the actions of the executive officers of the Immigration Bureau or Department of Labor prevented fair investigation, or that there was a manifest abuse of the discretion committed to them by the statute, the order of the executive officers within the authority of the statute is final.

3. ALIENS ⊜⟿32(12)—QUESTIONS REVIEWABLE—OBJECTION NOT MADE BELOW OR ON APPEAL.

On appeal in habeas corpus proceedings by two Chinese, seeking admission to the United States as sons of a native-born citizen, a claim or objection as to the proceedings of the immigration officers, not set forth in the petition for the writ, and not made in the court below or on appeal, but made for the first time in the addendum to counsel's brief after submission of the case on appeal, cannot be considered, in the absence of a record presenting the proceedings referred to.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus proceeding by Jeung Bock Hong and Jeung Bock Ning against Edward White, as Commissioner of Immigration at the Port of San Francisco. From an order discharging the writ, and remanding petitioners for deportation, petitioners appeal. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for appellants.
Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and Ben F. Geis, Asst. U. S. Atty., of Willow, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from the District Court of the United States, denying petition for a writ of habeas corpus.

The appellants, Jeung Bock Hong and Jeung Bock Ning, two Chinese boys, 12 and 14 years of age, respectively, arrived at the port of San Francisco, Cal., on the steamship China May 8, 1917. They applied for admission to the United States as the sons of Jeung Mun Kee, who is a native-born citizen of the United States, and presented,

as evidence of their right to enter the United States, affidavits of the father, Jeung Mun Kee, and a brother, Jeung Bock Shew, who had been previously landed in the United States, to wit, on or about July 24, 1916. Admission to the United States was denied appellants upon the ground that the relationship to the father Jeung Mun Kee, had not been satisfactorily established, by reason of a discrepancy between the testimony of the two boys.

It is claimed on behalf of the appellants that the action by the officers of the Immigration Bureau and of the Department of Labor in holding the appellants for deportation was an abuse of discretion committed to them by statute, and resulted in denying them a fair hearing, to which they were entitled under the law. The charge that there was a denial of a fair hearing and abuse of discretion by the officers of the Department of Labor is based mainly upon a discrepancy between the testimony of the petitioner Ning and his brother Hong, with respect to their home in a Chinese village.

Ning testifies that the house where they lived is joined to the houses on either side of it, while Hong testifies that there is a space between the houses of two or three feet. This discrepancy and other minor discrepancies lead the Commissioner General of Immigration to hold "that the applicants quite possibly are not brothers, as claimed, and that both (if either) are not sons of the alleged father," and, as a conclusion, the Commissioner General found that the applicants had "not established in the affirmative and satisfactory manner, which has always been required in this class of cases, that they are entitled to admission." The Assistant Secretary of Labor, upon the evidence, found that the "disagreement between the applicant and his brother regarding the houses of the home village—whether they touch or are separated by as much as two or three feet—causes a suspicion as to the probability of relationship," and thereupon the Assistant Secretary affirmed the excluding decision of the Commissioner General.

[1] The discrepancies in the testimony appear to be unimportant, but if, taking them altogether, the executive officers of the department found that the evidence in support of the petitioners' right to land and enter the United States was so impaired as to render it unsatisfactory, the court is not authorized to reverse that conclusion.

[2] We cannot say that the proceedings were manifestly unfair, or that the actions of the executive officers were such as to prevent a fair investigation, or that there was a manifest abuse of the discretion committed to them by the statute. In such cases the order of the executive officers within the authority of the statute is final. Low Wah Suey v. Backus, 225 U. S. 460–468, 32 Sup. Ct. 734, 56 L. Ed. 1165.

[3] It is next contended that this case comes within the decision of this court in the Case of Quan Hing Sun et al. (decided October 11, 1918) 254 Fed. 402, —— C. C. A. ——. It was there established on behalf of the appellant, who was of the Chinese race, but a son of a native-born citizen of the United States, that, under the regulations prescribed by the Commissioner General of Immigration, a different procedure was pursued by the immigration officers in determining the right of the petitioner to enter the United States from that pursued

under other statutory regulations for determining the right of persons other than those of the Chinese race to enter the United States. This objection was set forth in the petition for the writ of habeas corpus and established beyond question. Referring to such proceedings in detail, this court held that the method of inquiry pursued in that case was unfair to the petitioner, and reversed the decision of the District Court and directed further proceedings.

In this case no such claim was made in the petition for the writ of habeas corpus, and no such claim was made in the court below or on the appeal to this court. It was made for the first time in the addendum to counsel's brief after the submission of the case in this court. In the absence of a record presenting the proceedings referred to, it cannot be considered on appeal.

The decision of the District Court is affirmed.