## UNITED STATES v. WONG LAI.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1921.)

No. 3439.

1. **Habeas corpus ☞1—Erroneous conclusions of fact cannot be corrected.**
   A habeas corpus writ cannot be used to correct erroneous conclusions of fact made by those with jurisdiction to ascertain them.

2. **Aliens ☞32(8)—Chinese ordered deported given fair and nonprejudicial hearing by immigration officers.**
   Evidence that immigration authorities gave a Chinaman repeated opportunities to establish that he was entitled to entry, because born in Hawaii, before ordering him deported, held not to sustain the trial court's finding that Chinaman was not afforded a fair and nonprejudicial hearing.

3. **Aliens ☞32(13)—Decision of executive department in proper proceedings deporting Chinaman conclusive.**
   A final decision of the Labor Department ordering a Chinaman excluded is conclusive upon the courts, when the proceeding before the department was fairly conducted.

Appeal from the District Court of the United States for the Territory of Hawaii; Horace W. Vaughan, Judge.

Habeas corpus proceeding by Wong Lai against the United States. From an adverse judgment, the United States appeals. Reversed.

James J. Banks, Asst. U. S. Atty., of Honolulu, T. H., and Frank M. Silva, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal.

Edward M. Watson and Charles F. Clemons, both of Honolulu, T. H., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROSS, Circuit Judge. The appellee, a Chinese person, made application to enter the United States at Honolulu, Hawaii, having arrived there by ship December 10, 1918, basing his application upon the claim that he was born in Hawaii February 11, 1897, and was taken as a baby to China by his father, where he had ever since remained until his attempted return to his alleged native land. The applicant, presenting affidavits of Wong Hin and Wong Go, was then, with them and one other Chinese witness, examined before the immigration inspector in the effort to establish his alleged right. He stated his age to be then 22 years; that Wong Hin was his father, who, after the death of his mother in Hawaii the year that he was born, took him back to China, where and with whom and his stepmother—his father having again married—he continued to live.

Upon the conclusion of the testimony of the witnesses referred to, and after the government inspector had been informed in answer to his inquiry that there were no more witnesses for the applicant, that officer decided that the testimony was insufficient to show that the applicant was born in Hawaii, and therefore denied him admission. In that first testimony of the applicant occurs the significant statement that during the long years of his residence with his father in China the latter never mentioned to him but twice that he was born in Hawaii. We insert the questions and answers in regard to that matter:

"Q. When did your father first tell you that you were born in Hawaii? A. When I was 6 or 7 years old. Q. Did he mention the fact of your being born in Hawaii very many times? A. Not very many times. Q. More than once? A. Twice. Q. Only twice? A. Only twice. Q. If you were 6 years old when he told you the first time, how old were you when he told you the second time? A. About 10 years old."

The inspector subsequently recalled the applicant and his witnesses Wong Quon and Wong Go for further examination, and they were, according to the record, further examined at length, after which the applicant was notified in writing that the inspector was not satisfied that he was entitled to admission, and informing him that he or his counsel were granted 10 days in which to produce additional evidence; whereupon the testimony of two additional Chinese witnesses—Chin Fook and Chun Moon—was taken before Inspector Farmer, resulting in this decision by the inspector in charge, Halsey: '

"The testimony and the record of this case show inconsistencies and indefiniteness; in some places the willingness to change statements which go to affect the credibility of statements as to alleged facts. Every opportunity has been given to the applicant in this case, and I am of the opinion there has been a failure to prove that the applicant was born in Hawaii. Wong Lai is therefore denied admission to the United States as a Chinese person without status entitling him to a landing, and is hereby ordered to be deported to the country whence he came, China."

From that decision an appeal was taken to the Secretary of Labor, which officer subsequently, and, before rendering any decision upon the merits of the appeal, returned the case to the immigration office at Honolulu, with instructions that it be heard before a board of special inquiry to be held under the Act of Congress of February 5, 1917, 39 Stat. 874 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§

4289¼a–4289¼u). That was done, and at such hearing it was stipulated that all the evidence theretofore taken in the matter should be "incorporated into the case and made a part of the record."

In addition to such previous testimony three new witnesses, namely, Chu Gem, Wong How, and Chin Bin, were examined before the board, and the applicant himself was also further examined. Thereafter, and on April 7, 1919, each of the three members of the board of inquiry announced his inability to conclude that the applicant was entitled to admission to the United States, but allowed him 10 days further within which to present additional evidence if he should so desire. The board reconvened April 10th to hear, and did hear, still further evidence in behalf of the applicant, including further testimony of his own, all of which resulted in its final and unanimous opinion, rendered April 19, 1919, to the effect that the evidence did not show the applicant to have been born in Hawaii—he being duly notified that he had the right of appeal to the Secretary of Labor, either with or without the services of an attorney.

Such an appeal was taken from the decision of the board to the Secretary of Labor, who affirmed the decision of the board of inquiry and ordered the applicant's deportation. We find it impossible to sustain the judgment of the court below to the effect that the appellant was entitled to admission to the United States as a native-born citizen thereof; its view of the record, as shown by its opinion being that, because of the manner of questioning the various witnesses by the respective officers of the government, and because of what the court below conceived to be erroneous conclusions drawn by them from the testimony given, prejudice was disclosed on the part of the officers against the appellant, and consequently that he was not afforded a fair hearing.

[1] We are of the opinion that the record does not justify that action of the court below. It hardly needs to be said that a writ of habeas corpus can never be used for the purpose of correcting erroneous conclusions of fact drawn by those charged by the law with the duty of ascertaining the facts.

[2] It is difficult to conceive of a case where greater opportunity could be afforded such an applicant for admission to this country than was given to the applicant in the present one, and we do not think that it can be properly affirmed upon the record that the conduct of any of the executive officers was such as to constitute any valid ground for holding that the applicant was not afforded a fair hearing of his claim to citizenship, or that the conclusions of the officers of the Immigration Service were in any respect based upon prejudice. Speaking of discrepancies in the testimony of witnesses in such cases, this court said in Jeung Bock Hong et al. v. White, Commissioner, 258 Fed. 23, 24, 169 C. C. A. 161, 162:

"If, taking them all together, the executive officers of the department found that the evidence in support of the petitioners' right to land and enter the United States was so impaired as to render it unsatisfactory, the court is not authorized to reverse that conclusion."

[3] It is the law applicable to all cases such as the one we now have before us that the final decision of the executive department

when the proceedings before it are fairly conducted is conclusive upon the courts. White, Commissioner of Immigration, v. Fond Gin Gee (C. C. A.) 265 Fed. 600; Low Wah Suey v. Backus, Commissioner of Immigration, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, and cases there cited.

The judgment is reversed.