WHITE, Commissioner of Immigration, v. YOUNG YEN et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922. Rehearing Denied March 27, 1922.)

No. 3751.

Habeas corpus ⊚⊐92(1)—Evidence not weighed on review of order for deportation of Chinese.

In habeas corpus proceedings for the discharge of Chinese persons refused admission to the United States as citizens and held for deportation, it is not the function of the court to weigh the evidence; but, if petitioners were given a fair hearing and here is some evidence to sustain the decision of the immigration authorities, it must stand.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

Habeas corpus by Young Yen and Young Soon against Edward White, Commissioner of Immigration at Port of San Francisco. From a judgment discharging petitioners, respondent appeals. Reversed.

John T. Williams, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Geo. A. McGowan, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellees, upon arriving at the port of San Francisco from China, made application to enter the United States as citizens, claiming to be the foreign-born sons of Young Fai, a citizen of the United States. Their applications were denied after a hearing before a board of special inquiry, and on appeal to the Sec-

retary of Labor the decision of the board was affirmed. Upon habeas corpus proceedings the court below discharged the appellees. From that judgment the Commissioner of Immigration takes this appeal.

We are unable to see on what ground it can be held that the proceedings before the board of special inquiry were unfair. That board reached the conclusion that the proofs were insufficient to show that the appellees were the sons of Young Fai. Young Fai testified that they were his sons, and that he was married in China K. S. 19—1—16, which would be March 4, 1893. But it was shown that in 1897, on his return from China, when he was permitted to enter as a citizen of the United States, Young Fai testified: "I am not married." It was shown also that on March 17, 1909, Young Fai appeared as a witness for another of his alleged sons, Young Nin, at which time he testified that he was married K. S. 19—9—20, which would be October 29, 1893. Again in his testimony in this proceeding Young Fai testified that his son Young Soon was born K. S. 28—8—15, and that his son Young Yen was born K. S. 29—10—10. In 1907 he testified that Young Soon was born K. S. 28—1, and Young Yen was born K. S. 29—10—20.

Young Fai made no explanation of these discrepancies, although he was afforded full opportunity to do so. He denied that he had testified in 1897 that he was not married, but he admitted that in all other respects the record of his testimony taken at that time was correct. The discrepancies in Young Fai's testimony as to the dates on which his sons were born may be unimportant, but his contradictory statements as to the fact of his marriage and the date thereof may well have been deemed important by the board of special inquiry, and sufficient to discredit Young Fai's testimony that the appellees were his sons. We cannot say, in view of such statements of Young Fai, that the conclusion reached by the board was manifestly unfair. It is not the function of this court in habeas corpus proceedings to weigh the evidence or go into the question of the sufficiency of the probative facts. It is sufficient in such a case, if there is some testimony to sustain the conclusion reached. Here there was, we think, substantial ground to discredit the testimony which was adduced on behalf of the applicants.

The judgment is reversed, and the cause is remanded, with instructions to remand the appellees to custody.