**GONG SIC OR v. WHITE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. February 13, 1922.)

No. 3774.

Aliens ☞32(9)—Record held to show fair hearing on claim of Chinese that he was son of citizen.

    A record, showing that a Chinese, who claimed the right to enter as the foreign-born son of a citizen, had a hearing before a board of special inquiry, at the close of which he was allowed 10 days' further time for additional evidence, of which he did not avail himself, and that the entire record was forwarded to the Secretary of Labor, before whom the applicant was represented by attorneys, shows that he was afforded a fair hearing.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Habeas corpus by Gong Sic Or against Edward White, as Commissioner of Immigration of Port of San Francisco, to procure discharge from an order for deportation. From a judgment denying relief sought, applicant appeals. Affirmed.

Joseph P. Fallon, of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellant claimed to be entitled to admission to the United States as the foreign-born son of a Chinaman named Gong Bing Gow, whose citizenship here is not questioned. They arrived at the port of San Francisco on the same ship, and the right of the alleged son to enter this country was questioned, on the ground that the relationship did not, in fact, exist, which question came on for hearing before a board of special inquiry under the statute of the United States upon the subject, before which it appears from the rec-

ord testimony in behalf of the applicant was heard, first, on December 27, 1920, and again on the next day, at which time, the board not being satisfied that the relationship claimed was established, allowed the applicant 10 days' further time within which to introduce further evidence in his behalf, and thereafter, to wit, on January 3, 1921, being notified by his attorney that no further evidence would be introduced, and asking that final action be taken, the board on January 11, 1921, entered an order denying the applicant admission, and advising him of his right of appeal.

Such appeal was taken January 13, 1921, and the record, including all the exhibits that were introduced, was forwarded to the Secretary of Labor, before which officer the applicant was represented by attorneys, who filed a brief in his behalf, and who subsequently were granted an oral argument before the Secretary. The result was that the Secretary of Labor affirmed the action of the board of special inquiry, and the applicant directed accordingly to be deported. We see in the record no ground for the sole contention here made that the applicant was not afforded a fair hearing before the officers of the Immigration Department. See Jeung Bock Hong v. White, 258 Fed. 23, 169 C. C. A. 161; Quock Ting v. United States, 140 U. S. 417, 420, 11 Sup. Ct. 733, 851, 35 L. Ed. 501.

The judgment is affirmed.