### HONG TONG KWONG et al. v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit, June 27, 1924.)

No. 4199.

1. **Aliens ⊙⟿32(13)—Refusal of second opportunity to explain discrepancy in testimony by applicants for admission held not abuse of discretion.**

Where applicants for admission as minor sons of domiciled Chinese merchant had been given one opportunity to explain or correct discrepancy in their testimony, refusal to give second opportunity was not abuse of discretion.

2. **Aliens ⊙⟿32(7)—Discrepancy in testimony of applicants for admission held material.**

Discrepancy in testimony of applicants for admission as minor sons of resident Chinese merchant as to where he lived *held* material.

3. **Aliens ⊙⟿32(8)—Doubt as to relationship of Chinese applying for admission held to extend to other applicant claiming relationship based on same testimony.**

Where discrepancy in testimony of one applicant for admission as minor son of resident Chinese merchant threw doubt on his relationship, doubt extended to relationship of other applicant based on same testimony, and both were therefore properly denied admission.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; John S. Partridge, Judge.

Application for habeas corpus by Hong Tong Kwong and another against John D. Nagle, as Commissioner of Immigration, Port of San Francisco. From an order denying their application, petitioners appeal. Affirmed.

Stephen M. White, of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellants applied for admission to the United States as minor sons of a lawfully domiciled Chinese merchant. The applications were denied by the Department of Labor, on the ground that the department was not satisfied that the claimed relationship existed, because of certain discrepancies in the testimony. That there were material discrepancies does not admit of question. One of the appellants testified that he lived in the third house, in the first row, counting from the east; that the row contained four houses and an ancestral hall; that there were no vacant lots in the row; that there were no spaces between the houses; and that Hong En Dock lived in the fourth house. The other appellant testified that he lived in the third house, in the first row, counting from the east; that there were no vacant lots in the row; that there was a cross-alley back of his house; and that Hong En Dock lived in the house across the alley. In view of this apparent discrepancy, the two witnesses were then recalled, and each reiterated his former testimony; the first testifying that there was no space between his house and the house of Hong En Dock, and the second testifying that there was an alley between the two houses, about six feet in width, and extending across the village.

The reviewing officer, in his report, said:

"It is possible that the disagreement relating to the cross-alley might have been reconciled by explanation and further examination by means of diagrams at the time of the hearing, but as the two applicants have had an opportunity since then to get together and compare notes, further examination on this point at this time does not appear feasible."

[1] It is first claimed that because of this report the appellants should have been given an opportunity to explain their testimony, and having been denied that opportunity the hearing was unfair. The statement in the report that it was possible that the disagreement relating to the cross-alley might be reconciled and explained on further examination by means of a diagram was a mere expression of opinion, at best. The appellants had already been afforded one opportunity to explain or correct their testimony, and it cannot be said that the department abused its discretion because a further and second opportunity was not given. This case differs widely from United States v. Pierce (C. C. A.) 289 Fed. 233, where the decision of the Board of Special Inquiry was contrary to the personal belief of its several members.

[2] It is next claimed that the inquiry related to immaterial matter, but such inquiries have always been deemed material in this class of cases.

[3] It is lastly contended that the elder of the two appellants should have been admitted, because there were no discrepancies in the testimony as to his case. But the younger appellant was not denied admission because his testimony was false, but because his claim of relationship had not been established, and inasmuch as the claim of

relationship as to both appellants was supported by the same testimony, a doubt as to the one would necessarily extend to the other. The questions here presented are neither new nor novel in this court. Jeung Bock Hong v. White, 258 Fed. 23, 169 C. C. A. 161; Siu Say v. Nagle (C. C. A.) 295 Fed. 676.

Order affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes