## FIDELITY & DEPOSIT CO. OF MARYLAND v. ROBINSON.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4473.

**Banks and banking ⬅══77(4)—Surety not entitled to offset claim against insolvent bank.**

Surety company is not entitled to offset liabilities incurred by it as surety for a national bank against a claim by receiver of the bank after insolvency on a bond given by surety company to indemnify bank against loss sustained through fraud or dishonesty of an employee.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the Fidelity & Deposit Company of Maryland against C. A. Robinson, receiver of the First National Bank of Burley, Idaho. Judgment for defendant, and plaintiff brings error. Affirmed.

Frank T. Wyman, of Boise, Idaho, for plaintiff in error.

John W. Graham, of Twin Falls, Idaho, and Oliver O. Haga, McKeen F. Morrow, and J. L. Eberle, all of Boise, Idaho, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The question presented by the present writ of error is this: May a surety company offset liabilities incurred by it as surety for a national bank against a claim by the receiver of the bank after insolvency, on a bond given by the surety company to indemnify the bank against loss sustained through the fraud or dishonesty of an employee? The facts in this case are identical with the facts before the court in United States Fidelity & Guaranty Co. v. Wooldridge (C. C. A.) 295 F. 847. There one bond was executed by the surety company to a national bank to save it harmless against loss through the dishonesty of employees, and a second bond to save a railway company harmless from loss arising from a deposit in the bank. The court held, as appears from the syllabus:

"Where guaranty company, as surety for a bank, indemnified railroad against loss of deposits in bank, and as a separate transaction issued to such bank a blanket bond, agreeing to indemnify it against any dishonest act of its employees, and the bank lost a large amount of money through dishonest act of its president and became insolvent, and the guaranty company paid the railroad the amount of its lost deposit, it could not set off the amount so paid against the claim of bank's receiver on the blanket bond, though it became subrogated to the rights of the railroad."

The judgment in that case was affirmed (45 S. Ct. 489, 69 L. Ed. ——) by the Supreme Court on May 11, 1925, three days before the submission of this case to this court. At the time of the submission, it was naturally assumed by counsel that the decision of the Supreme Court was decisive of the questions presented by the present writ of error, although counsel at that time had not been advised as to the grounds for the decision. But since the submission counsel for plaintiff in error has filed a supplemental brief in which he contends that the decision of the Supreme Court is not decisive because that case was submitted to the court under an agreement of the parties that the facts alleged were true, and that the only question for the court was "whether or not, under the facts alleged, the defendant is entitled, as against the plaintiff, to set off the demand it holds as assignee or subrogee of the Gulf, Colorado & Santa Fé Railway Company." An examination of the opinion of the Supreme Court convinces us that the decision was in no wise circumscribed or limited by the stipulation in question and that the affirmance was a general one.

The judgment of the court below is therefore affirmed.