FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, Plaintiff in Error, v. C. A. ROBINSON, Receiver of the First National Bank of Burley, Idaho, Defendant in Error.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4482.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Frank T. Wyman, of Boise, Idaho, for plaintiff in error.

John W. Graham, of Twin Falls, Idaho, and Oliver O. Haga, McKeen F. Morrow, and J. L. Eberle, all of Boise, Idaho, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

PER CURIAM. Affirmed on the authority of Fidelity & Deposit Company of Maryland v. C. A. Robinson, Etc., No. 4473, 7 F.(2d) 371, this day decided.

═══

JEW BOK v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4430.

Habeas corpus ⬥92(1)—Evidence not weighed on review of order.

In habeas corpus by one claiming entry to United States as foreign-born son of citizen, it is no function of court to weigh evidence or to go into question of sufficiency of probative facts, but it is sufficient, if there is some testimony to sustain conclusion of immigration authorities rejecting petitioner's claim.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus by Jew Bok against John D. Nagle, as Commissioner of Immigration of the Port of San Francisco, Cal. From a judgment denying the application, petitioner appeals. Affirmed.

James M. Hanley, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant made application to enter the United States as the foreign-born son of Jew Shur Lung, a citizen of the United States. In his petition for habeas corpus in the court below he alleged that the order and decision of the board of special inquiry at the port of San Francisco denying his application, and the decision of the Secretary of Labor affirming the same on appeal, were attended with abuse of discretion, in that they found that it was not proven that the appellant was the son of his alleged father, but that the discrepancies and inconsistencies in his testimony and that of his alleged father and prior-landed brother were such as to indicate that he was not the son of the alleged father.

Upon an examination of the testimony we find no ground for holding that the findings of the immigration authorities were unsupported or were reached without fair consideration of the evidence. The discrepancies therein related mainly to the circumstances attending the funeral of the alleged grandfather of the appellant, who died less than two years prior to the hearing. We are not convinced that the discrepancies were immaterial or that the immigration officers attributed undue importance to them. In White v. Young Yen (C. C. A.) 278 F. 619, we held that it is not the function of an appellate court in a habeas corpus proceeding to weigh the evidence or to go into the question of the sufficiency of the probative facts, but that it is sufficient in such a case if there is some testimony to sustain the conclusion reached. Such is the established rule. Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; White v. Chan Wy Sheung (C. C. A.) 270 F. 764; Lee Hing v. Nagle (C. C. A.) 295 F. 642; Antolish v. Paul (C. C. A.) 283 F. 957; Siu Say v. Nagle (C. C. A.) 295 F. 676; Hong Tong Kwong v. Nagle (C. C. A.) 299 F. 588.

The judgment is affirmed.