## CHIN·CHING v. NAGLE.
### No. 6426.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1931.

Stephen M. White, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

Chin Ching, a male Chinese, born on April 22, 1909, arrived in San Francisco on May 28, 1930, and applied for admission into the United States on the ground that he is the foreign-born son of Chin Kim, a native-born citizen. His application was denied by the Board of Special Inquiry on the ground that the relationship was not established, and upon appeal this excluding decision was affirmed by the Secretary of Labor. Application was then made to the District Court for a writ of habeas corpus, and from the order denying same this appeal is taken. The sole question before us is whether or not the applicant had a fair hearing.

Under the provisions of the statute the decision of a Board of Special Inquiry is final unless reversed on appeal to the Secretary of Labor. It is only to be reviewed on habeas corpus when the administrative officers have manifestly abused the power and discretion conferred upon them. Tulsidas v. Insular Collector, 262 U. S. 258, 263, 43 S. Ct. 586, 588, 67 L. Ed. 969. It is not the function of an appellate court in a habeas corpus proceeding to weigh the evidence or to go into the sufficiency of the probative facts. White v. Young Yen (C. C. A.) 278 F. 619; Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 S. Ct. 734, 56 L. Ed. 1165; Zakonaite v. Wolf, 226 U. S. 272, 274, 33 S. Ct. 31, 57 L. Ed. 218; Lewis v. Frick, 233 U. S. 291, 300, 34 S. Ct. 488, 58 L. Ed. 967; Kwock Jan Fat v. White, 253 U. S. 454, 457, 40 S. Ct. 566, 64 L. Ed. 1010; Tulsidas v. Insular Collector, supra; Tisi v. Tod, 264 U. S. 131, 133, 44 S. Ct. 260, 68 L. Ed. 590. This rule has been reiterated by this court in many similar cases, recently in Louie Lung Gooey v. Nagle, 49 F.(2d) 1016, decided May 18, 1931. Thus leaving the "administration of the law, where the law intends it should be left, to the attention of officers made alert to attempts at evasion of it, and instructed by experience of the fabrications which will be made to accomplish evasion." Tulsidas·v. Insular Collector, supra.

Logically this decision should end here, but as it is the custom to mention discrepancies we will note one, which alone is fatal to applicant's case.

The alleged father, upon a return trip from China on February 25, 1907, testified that he had no children. In 1921 he attempt-

ed to bring into this country as his son one Chin Pok, claimed to have been born on October 2, 1906, when he denied testifying on February 25, 1907, that he had no children, and stated, "I think there must be a mistake made in the writing because my son was born several months before I left home." On June 22, 1921, in connection with the same matter, he said that the boy was an adopted son. He was' then confronted with his testimony of May 13, 1920, wherein he testified that he had no adopted children, and he denied that he ever made such a statement.

In view of such contradictory statements upon important and material matters by the alleged father, we cannot say that the board was wrong in not believing his testimony and denying the application. Quong Wing Seung v. Nagle (C. C. A. 9) 41 F.(2d) 58; U. S. ex rel. Fong Lung Sing v. Day (C. C. A. 2) 37 F.(2d) 36, 38; U. S. ex rel. Soy Sing v. Chinese Inspector (C. C. A. 2) 47 F.(2d) 181, 184.

Affirmed.