**FLYNN ex rel. WOO SUEY HONG v. TIL-LINGHAST, Commissioner of Immigration.**

**No. 2858.**

Circuit Court of Appeals, First Circuit.

Feb. 16, 1934.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, of Boston, Mass. (Francis J. W. Ford, U. S. Atty., and Hugo S. Bagnulo, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

.PER CURIAM.

This is an appeal from an order of the District Court of Massachusetts denying a petition for a writ of habeas corpus by Woo Suey Hong, an applicant for admission to the United States.

His application was first heard before an inspector in the Immigration Department, and afterward by the board of special inquiry, which, after hearing, denied his application; whereupon he appealed to the Secretary of Labor at Washington, and his application was referred to the board of review, which affirmed the decision of the board of special inquiry.

It is unnecessary to cite authorities in support of what has been so often declared in the opinions of this court and of the Supreme Court as to the nature of the board of special inquiry and the board of review—that they are administrative tribunals, that their findings of fact, if there is any substantial evidence to support them, are binding on the courts, and that to overturn their decisions the hearings granted to the applicant must be made to appear so manifestly unfair, or the exclusion order to have been so plainly the result of bias and prejudice, as to amount to a denial of due process.

It is not sufficient that this court upon the evidence might have come to a contrary conclusion. Each board is the judge of the weight to be given to the evidence.

The father of the applicant, who should know, denied on two occasions that he was married: Once in 1908 on his return to this country from China, and again at the time of his registration under the Selective Draft Act, when he stated that he was single and mentioned only a father as a dependent. His explanation, which may not have satisfied the members of the boards, was that he did not at the time the questions were asked understand English very well; and that, when he denied on his return to this country in 1908 that he was married, he understood that he was asked if he was married in Mexico. While it appeared that he entered this country through Mexico, it did not appear that country was mentioned in connection with the question as to his marriage. He also at that time gave his name as Woo Chew, and stated he had "no other name," indicating he was unmarried.

Other discrepancies appear in the testimony of the applicant and his witnesses, though of themselves of less importance.

We think it cannot be said that the hearings accorded the applicant were so manifestly unfair or that the finding of the boards that the applicant had failed to sustain the burden of proof that he was the son of a citizen of this country was so plainly the result of bias or prejudice as to justify a ruling by this court that the order of deportation was unlawful.

The order of the District Court is affirmed.