**LUM SHA YOU v. UNITED STATES.**

No. 7806.

Circuit Court of Appeals, Ninth Circuit.

March 2, 1936.

Charles H. Hogg, of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., Willson C. Moore, Asst. U. S. Atty., and Ernest J. Hover, U. S. Dept. of Labor, Immigration and Naturalization Service, all of Honolulu, T. H., and H. H. McPike, U. S. Atty., and R. L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Lum Sha You sought admission to the United States at the Port of Honolulu on September 6, 1934 as the son of Lum Yen Ki, conceded to be a citizen of the United States. The applicant, his alleged father, Lum Yen Ki, his alleged uncle, Lum Say Ki, and his alleged brother, Lum Say Chow, appeared and testified before the Board of Special Inquiry, which Board denied applicant admission to the United States. Applicant then appealed to the Secretary of Labor, who dismissed the appeal. After the lower court denied applicant's petition for a writ of habeas corpus, appeal from the judgment of denial was taken to this court.

There is attached to the petition a transcript of the proceedings before the Board. The government's return to the order to show cause set up certain discrepancies, which, it is claimed, "made it impossible for said Board * * * to credit the claim of this petitioner." The answer to the return denied some of the discrepancies, and set up the unfairness of the examination. Upon the hearing there was admitted in evidence transcript of proceedings had March 7, 1923, the time when appellant's alleged father was admitted; transcript of proceedings had May 25, 1933, the time when appellant's alleged father made application for a certificate of citizenship; and a transcript of proceedings had June 19, 1934, the time when appellant's alleged brother was admitted.

The rule is well established that cases, such as the one at bar, present but one issue. Such issue is whether or not the administrative officers manifestly abused the power of discretion conferred upon them, and in considering such question it is not the function of this court, in a habeas corpus proceeding, to weigh the evidence, or to inquire into the sufficiency of the proba-

tive facts. Chin Ching v. Nagle (C.C.A. 9) 51 F.(2d) 64.

The purpose of these oral examinations of applicants and their witnesses is to determine their familiarity with the subject-matter, and the decision of an appropriate immigration officer is final, unless reversed on appeal to the Secretary of Labor, and it is not subject to review by the court unless it affirmatively appears that the officer has acted improperly or abused his discretion. Tang Tun v. Harry Edsell, 223 U.S. 673, 32 S.Ct. 359, 56 L.Ed. 606.

█ It is our duty to determine whether the record in behalf of the petitioner is so clear and convincing, that it may be fairly said to show that the Board committed a manifest abuse of the power and discretion conferred upon it. Chin Ching v. Nagle, supra; Tulsidas v. Insular Collector, 262 U.S. 258, 263, 43 S.Ct. 586, 67 L.Ed. 969; Jue Yim Ton v. Nagle (C.C.A.9) 48 F. (2d) 752; Tillinghast v. Flynn ex rel. Chin King (C.C.A.1) 38 F.(2d) 5, 7; Louie Lung Gooey v. Nagle (C.C.A.9) 49 F.(2d) 1016, 1017. Even if the Board's decision seems to us to be wrong, but it is shown that it did not act arbitrarily, that it reached its conclusions after a fair consideration of all facts presented, and that the discrepancies are such that reasonable men might disagree as to their probative effect, appellant has no recourse to the courts. Haff v. Der Yam Min (C.C.A.9) 68 F.(2d) 626, 627; Louie Lung Gooey v. Nagle, supra. In considering the evidence, it is not sufficient that we might have reached a different decision. Flynn ex rel. Woo Suey Hong v. Tillinghast (C.C.A.1) 69 F.(2d) 93, 94; U. S. ex rel. Ng Kee Wong v. Corsi (C.C.A.2) 65 F.(2d) 564.

In Jeung Bock Hong v. White (C.C.A. 9) 258 F. 23, 24, it is said: "The discrepancies in the testimony appear to be unimportant, but if, taking them altogether, the executive officers of the department found that the evidence in support of the petitioners' right to land and enter the United States was so impaired as to render it unsatisfactory, the court is not authorized to reverse that conclusion." See, also, U. S. v. Wong Lai (C.C.A.9) 270 F. 57; Nagle v. Dong Ming (C.C.A.9) 26 F.(2d) 438.

Some of the claimed discrepancies, in the testimony of the various witnesses, relate to dates, which are: Date of marriage of appellant's alleged brother; date of birth of appellant's alleged younger brother; date of appellant's marriage; date of birth of the alleged brother's son; date when appellant and his alleged brother discontinued their schooling, and appellant's age.

Other claimed discrepancies relate to the education of appellant and his alleged brother, and are: Name of the village school and of the school teacher; system of education studied; and whether or not desks used by appellant and his alleged brother were taken to their home when they discontinued school.

Still other claimed discrepancies relate to the village public buildings, such as the number of village ancestral halls, number of village watchtowers, and existence and location of a village temple.

With respect to these claimed discrepancies, it might fairly be doubted if some of them are substantial discrepancies, and had we been conducting the inquiry, it is possible that we might have reached a different result.

█ Appellant's main contention is that the hearing was unfair because most of these discrepancies were not called to the attention of the witnesses. Appellant cites Chinese General Order No. 11, prescribed by the Commissioner General of Immigration with the approval of the Secretary of Labor, which is as follows: "There is found a wide difference in the kind of examination given by the various inspectors. Some inspectors appear unable to arrive at a satisfactory conclusion as to the questions at issue without a long and detailed examination on collateral and extraneous matters. In many cases the record could have been reduced fully one-half without impairing its completeness. In many cases examinations on collateral matters are continued at great length, even though the testimony already secured demonstrates the familiarity of the witnesses with the subject matter, or without developing any lead which if followed up would disclose discrepancies. When discrepancies appear or the nature of the replies indicates lack of knowledge, further cross-examination should be pursued for the purpose of fully developing the truth." This regulation seems to have the force and effect of law. Haff v. Tom Tang Shee (C.C.A.9) 63 F. (2d) 191, 193, and cases cited. We see nothing mandatory in this rule, and if we concede that the Board did not cross-examine further on the points of discrepancy, we do not believe they were required to do so by this rule.

We believe and hold that the examination was fairly conducted. Because of the great number of discrepancies, we do not believe it was incumbent on the Board to cross-examine more thoroughly on each discrepancy. If there were only an occasional discrepancy, the reason for a fuller cross-examination might be more convincing, but in the presence of a multitude of such discrepancies, it is not indicative of a lack of fairness or abuse of discretion. The examination seems to have been sufficient regarding the names of the school and the school teacher. Further, each of the witnesses was asked at the conclusion of his examination, whether or not he wished to make any changes in his testimony, but no changes were made.

We are of the opinion that reasonable men might disagree as to the probative effect of the evidence, and therefore the judgment of the lower court is affirmed.