## ONG GUEY FOON v. BLEE, Assistant Director of Immigration and Naturalization.

### No. 9451.

Circuit Court of Appeals, Ninth Circuit.
June 19, 1940.

You Chung Hong, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellant seeks review of an order denying his petition for a writ of habeas corpus, made after he was denied admission into the United States.

Appellant sought admission on the ground that, although born in China, he was the son of a citizen of the United States. It was conceded that the alleged father was a citizen, and the controversy relates to the proof of the alleged relationship. In support of his claim, appellant presented his alleged brother and one Quan Shee, unrelated, whose testimony adds no support to his claim because she knew nothing of the claimed relationship except what she had been told by others. While both the alleged brother and appellant testified as to the relationship, it is claimed that the discrepancies appearing were sufficient to justify disbelief of the testimony as to the relationship.

The alleged brother testified in 1915 and 1917 that in the village where appellant was born there were 12 houses, whereas appellant testified that there were 14 houses in the village until 1917 and thereafter there were 15 houses and 1 lantern house. Both witnesses were agreed that the village had 5 rows of houses, but disagreed as to the number of houses in each row except the third row.

Appellant testified that his paternal cousin, Ong Nguey Lin, had been married three times and had 6 sons and 2 daughters, all of different ages, and all of whom except one daughter were living in the village where appellant was born and lived for

over 40 years. The alleged brother testified that Ong Nguey Gim had been married three times and had 6 sons and 2 daughters, two of the sons being twins. There can be no mistake as to the two names "Lin" and "Gim" by reason of idem sonans, unless the interpreter was mistaken in appellant's statements about ten different times.

In 1917, an alleged brother of appellant sought but was denied admission into the United States. An expert compared the photograph of such alleged brother with that of appellant and because of similarity in the location of scars and size of an eye concluded that the photographs were of the same person. An expert for appellant, because of the time which had elapsed between the making of the photographs, reached the opposite conclusion.

The Board of Special Inquiry denied appellant admission into the United States, and the decision was sustained on appeal. Appellant now seeks review of an order denying his petition for a writ of habeas corpus filed thereafter.

■ Appellant contends that the discrepancies were minor and immaterial, and did not justify disbelief of the witnesses. Considering that the village was very small, and that the family about which the testimony was given wherein the discrepancies appeared lived in such village, we think that the discrepancies were sufficiently serious that we cannot say that the rejection of such evidence constituted unfairness or arbitrary action. Nor can we say that the Board was without justification in disbelieving the witnesses' testimony. In any event the rejection of such evidence did not constitute such arbitrary action or unfairness as to justify recourse to the courts.

■ The rule which we think applicable is found in Lum Sha You v. United States, 9 Cir., 82 F.2d 83, 84, where this court said: "* * * Even if the Board's decision seems to us to be wrong, but it is shown that it did not act arbitrarily, that it reached its conclusions after a fair consideration of all facts presented, and that the discrepancies are such that reasonable men might disagree as to their probative effect, appellant has no recourse to the courts."

■ It is also contended that the immigration authorities accorded an unfair hearing because their decision was based on conjectures instead of substantial evidence. The question is not whether any substantial evidence supports the decision of the immigration authorities, but is whether or not the Board granted a fair hearing, or abused its discretion. Wong Choy v. Haff, 9 Cir., 83 F.2d 983, 984; Lum Sha You v. United States, supra; Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612, 616.

■ Finally, it is contended that appellant was not accorded a fair hearing, but in what particular the immigration authorities erred is not pointed out. Appellant was not denied an opportunity to present evidence. The evidence he presented was not believed, and, as we have held, such disbelief was not unjustified. The charge of an unfair hearing cannot be sustained merely because the immigration authorities declined to believe appellant's evidence in such a case as this.

Affirmed.