AMERICAN SECURITY AND TRUST COMPANY, Surviving Trustee U/W of Malcolm G. Gibbs f/b/o Angela Gloria Gibbs, Petitioner,

v.

DISTRICT OF COLUMBIA, Respondent.

AMERICAN SECURITY AND TRUST COMPANY, Surviving Trustee U/W of Malcolm G. Gibbs f/b/o Henry Foote Gibbs, Jr., Petitioner,

v.

DISTRICT OF COLUMBIA, Respondent.

Nos. 21811, 21812.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 4, 1968.

Decided Feb. 10, 1969.

---

Mr. Benton C. Tolley, Jr., Washington, D. C., with whom Mr. John E. Larson, Washington, D. C., was on the brief, for petitioner.

Mr. Henry E. Wixon, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel and Hubert B. Pair, Principal Asst. Corporation Counsel, were on the brief, for respondent.

Before FAHY, Senior Circuit Judge, DANAHER* and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

This appeal from the District of Columbia Tax Court challenges the amenability to District income taxation of a dividend attributable to earnings accumulated prior to January 1, 1939—the effective date of the first D. C. income tax. We affirm.

I

The facts were stipulated in the Tax Court and are undisputed here. Petitioner is the trustee of two testamentary trusts which owned capital stock of an investment company. In the years 1958–60, the investment company was completely liquidated, and its assets distributed to its stockholders. Of the total amount of money received by the trusts here involved, over two-thirds represented earnings realized by the company prior to 1939. Petitioner took the position that the imposition of an income tax upon these pre-1939 earnings would be retroactive taxation (1) not intended by Congress or (2) in violation of the due process of law guaranteed by the Fifth Amendment. The taxing authorities disagreed, and assessed a deficiency against the trusts in respect of D. C. income tax for the year 1958. The D. C. Tax Court determined that the entire distribution was taxable. Petitioner continues to press both the statutory and constitutional issues on this appeal.[1]

II

In support of its claim that the liquidating dividend may not be taxed to the extent that it represents pre-1939 earnings, petitioner calls our attention to three D. C. Board of Tax Appeals (now the D. C. Tax Court) cases.[2] They held that pre-1939 corporate earnings could not be taxed as dividends to their recipients in liquidations occurring after January 1, 1939. Their significance for present purposes, however, is largely nullified by the circumstance that Congress amended the tax statute in 1947 by explicitly redefining "dividend" to in-

---

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

1. There is no issue raised in this case with respect to whether the distribution in liquidation is properly to be regarded as a "dividend" for purposes of income taxation. See Berliner v. District of Columbia, 103 U.S.App.D.C. 351, 258 F.

2d 651, cert. denied, 357 U.S. 937, 78 S.Ct. 1384, 2 L.Ed.2d 1551 (1958).

2. Cooper v. D. C., Dkt. 901, Opinion No. 617, Nov. 13, 1946; Himmelfarb v. D. C., Dkt. 908, Opinion No. 628, Dec. 20, 1946; Harrison v. D. C., Dkt. 965, Opinion Nos. 644, 644–A, June 12, 1947.

clude earnings distributed in liquidation "whenever earned by the corporation".[3]

■ The Tax Court was of the opinion that this amendment reflected a conscious purpose on the part of Congress to overrule the three earlier Board of Tax Appeals decisions. This is not literally demonstrable from the legislative record, but the language used is so clear that we believe there is no serious question as to how Congress intended this taxing provision to operate. As a matter of statutory construction, therefore, we do not think the Tax Court erred in holding that the statute reached distributions of earnings accumulated prior to 1939.

■ Petitioner is thus obliged to fall back to his second position, namely, the statute as so construed and applied is at odds with the Due Process Clause of the Fifth Amendment. This argument is cast solely in terms of the jaundice with which the courts are said to view the attempts of legislatures to tax past transactions. But it is more than mere semantics to note, as respondent urges us to do, that the taxable event in issue here, the receipt of a dividend distribution, occurred long after both the initial enactment of the taxing statute and its clarifying amendment. The fact that the dollars in which the dividend was paid were derived from business activities prior to 1939 does not, in our view, constitutionally disable the Congress, as a matter of fundamental fairness, from taxing the distribution in the hands of the distributee.[4]

Affirmed.

---

3. 47 D.C.Code § 1551c(m) (1967)

The word "dividend" means any distribution made by a corporation (domestic or foreign) to its stockholders or members, out of its earnings, profits, or surplus (other than paid-in surplus), *whenever earned by the corporation* and whether made in cash or any other property (other than stock of the same class in the corporation if the recipient of such stock dividend has neither received nor exercised an option to receive such dividend in cash or in property other than stock instead of stock) and whether distributed prior to, during, upon, or after liquidation or dissolution of the corporation: * * *. (Emphasis added.)

4. The case authorities cited by petitioner generally fall into two groups: (1) state cases holding that, although legislatures have some latitude for imposing taxes on past transactions, they should be reasonable and not try to go back too far, *e.g.,* Comptroller of the Treasury v. Glenn L. Martin Co., 216 Md. 235, 140 A.2d 288 (1958), and (2) some Supreme Court decisions in the early days of the federal income tax following upon the amendment of the Constitution in 1913, *e.g.,* Lynch v. Turrish, 247 U.S. 221, 38 S.Ct. 537, 62 L.Ed. 1087 (1918). The former involve a true retroactivity *vis-a-vis* the subject of the tax which, as noted above, is not present here. The latter characteristically result in limited constructions of Congressional intent, prompted by an obvious desire not to raise constitutional problems by projecting the 16th Amendment into the past in any way. No such shadow falls across the case before us.